IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT EARL BARNES, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-20-100 |
| LT. ROBERT ANDERSON, et al., | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

On December 15, 2020, the Court issued a Memorandum Opinion and Order (ECF Nos. 43 and 44) granting Defendants' motion for summary judgment and dismissing this case. On January 7, 2021, Robert Earl Barnes, filed a "Motion to Appeal Summary Judgment/Dismissal," without assistance of counsel, seeking reconsideration. ECF No. 46. The Motion will be considered as a Motion for Reconsideration filed pursuant Rule 59(e) of the Federal Rules of Civil Procedure, and for reasons to follow will be denied.

A motion for reconsideration filed within 28 days of the underlying order is governed by Rule 59(e). *See Katyle v. Penn. Nat. Gaming, Inc*., 637 F.3d 462, 470 n.4 (4th Cir. 2011). The United States Court of Appeals for the Fourth Circuit has recognized three narrow grounds for granting reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law, (2) to account for new evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998)), cert. denied, 538 U.S. 1012 (2003). However, a Rule 59(e) motion "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co*., 148 F.3d at 403 (quoting 11 Charles A. Wright, *et al*., *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995)). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy

which should be used sparingly.'" *Pacific Ins. Co.*, 148 F.3d at 403 (quoting *Wright, et al., supra,*
§ 2810.1, at 124).

Barnes asserts as a basis for reconsideration that he was unaware that he must first obtain the Court's permission to file a surreply. Further, he states that he is "appealing" the "Summary Judgment and Dismissal for the numerous rights that were violating [sic] my Constitutional Amendment rights as well as D.O.C. [Division of Correction] policy violations" without further explanation. ECF No. 46. Following the dismissal of his Complaint on December 15, 2020, Barnes filed a surreply without first obtain permission of the Court. Consequently, the Court did not accept the surreply. ECF No. 45; *see also* Local Rule 105.2(a) (prohibiting filing a surreply without the Court's permission).

Barnes does not address how his contentions fall within the limited parameters for the extraordinary relief afforded under Rule 59(e). He alleges no need to accommodate an intervening change in controlling law or to account for new evidence previously unavailable, and to the extent he may intend to seek reconsideration due to a clear error of law or to prevent manifest injustice, he alleges no specific facts in support.

If Mr. Barnes wishes to appeal the grant of summary judgment, he may note an appeal with the Fourth Circuit within 30 days of this ruling on his motion for reconsideration. Fed. R. App. P. 4(A)(iv).

I therefore find no good cause to warrant reconsideration. The Motion is DENIED. A separate Order shall be entered.

6/2/21 /s/
Date  Paul W. Grimm
 United States District Judge